[No. 19214.   Department Two.—January 4, 1894.]

FREDERICK S. GOULD, Appellant, *v.* O. A. STAF-
           • FORD, Respondent.

Diversion of Water—Amendment of Answer—Change of Issues—
    Discretion of Court.—In an action by a lower riparian proprietor to
    restrain an upper riparian proprietor from diverting water from the
    stream, where the defendant averred in his original answer that as a
    riparian owner, and also by virtue of a prescriptive right, he was en-
    titled to divert more water than his flume could carry, the court has
    discretion to allow the defendant to amend his answer by omitting the
    defense set out in the original answer, and averring that during the
    time of the alleged diversion a part of his riparian land was leased to ten-
    ants over whom he had no control; that if more water was diverted
    through the flume than the leased riparian land was entitled to the
    tenants alone were liable for the diversion.
Id.—Amendments to be Liberally Allowed.—The courts should be lib-
    eral in allowing amendments to pleadings when they do not seriously
    impair the rights of the opposite party; and this rule is particularly
    applicable to amendments to an answer.
Id.—Mistake of Law Immaterial.—The power of a court to allow amend-
    ment is not limited by the character of the mistake which calls forth
    its exercise; and the fact that the proposed amendment is based mainly
    upon a mistake of law is immaterial.
Id.—Law of Case—Change of Pleadings.—The decision of this court upon
    a former appeal that diversions by third parties constitute no defense
    under the pleadings as they then stood is not the law of the case, so as
    to debar the defendant from proving the acts of his tenants upon the
    second trial under an amended answer setting up that the water was
    not diverted by himself, but by his tenants, for whose acts he was not
    responsible.
Id.—Diversion of Water by Lessees of Riparian Land—Owner Not
    Liable.—An owner of riparian land who has leased the land to tenants
    for a term of years, giving them the exclusive possession and control of
    the premises, and of the flume by which the water of the stream could
    be carried to the leased land, which they were bound to keep in repair,
    is not responsible for a wrongful diversion of a greater quantity of water
    by the tenants than they were entitled to divert, if he did not par-
    ticipate in any manner in such diversion, and was not notified of any
    wrongful diversion, nor requested to abate the nuisance.

Appeal from a judgment of the Superior Court of
Santa Barbara County and from an order denying a
new trial.

The facts are stated in the opinion of the court.

*George H. Gould,* and *John J. Boyce,* for Appellant.

*B. F. Thomas,* for Respondent.

McFARLAND, J.—This action was brought by plaintiff, who is a lower riparian proprietor on a stream, to restrain the defendant, who is an upper riparian proprietor on the same stream, from diverting water therefrom. Judgment went for defendant, and plaintiff appeals.

The case has been here twice before, 77 Cal. 66; 91 Cal. 146. On the first appeal a judgment in favor of defendant was reversed on account of defective finding; and it was said in the opinion that under the pleadings, as they then stood, evidence of diversions of water by third persons would be admissible only as to the amount of damages (which were waived by plaintiff); and that findings as to the acts of certain Chinamen and others were irrelevant and against the admissions of the answer. Certain principles as to riparian rights were also stated for the guidance of the court on another trial. When the case went down to the trial court defendant asked leave to file a certain amended answer, to which the plaintiff objected; the court allowed it to be filed; and plaintiff excepted—preserving his exception in a bill of exceptions. But on the second trial judgment was rendered for plaintiff; so that the objection to the amended answer was not presented to this court on the second appeal. Upon the second appeal the judgment for plaintiff was reversed, mostly upon points which do not arise on the present appeal. When the case went down the second time plaintiff—in addition to the exception which he had preserved as before stated—moved the court to strike out the said amended answer; and his motion having been denied he again excepted.

The point most elaborately argued by appellant is that the court erred in permitting respondent to file his amended answer.

It appears that the alleged wrongful diversion was made through a small flume into which the water was turned from time to time by temporary obstructions, or dams, across the stream. In the original answer it was averred, among other things, that defendant as a riparian owner, and also by virtue of a prescriptive right,

was entitled to divert more water than said flume could carry; and he thus justified the diversion. In the amended answer he omitted the defense just stated, and averred that during the time of the alleged diversion a part of his riparian land was leased to certain tenants over whom he had no control; and that if during said time more water was diverted through said flume than said leased riparian land was entitled to, said tenants alone are liable therefor to plaintiff. And it is to this difference between the two answers that plaintiff mainly objects.

We cannot say that the court abused its discretion in permitting the amended answer. The rule is that courts will be liberal in allowing an amendment to a pleading when it does not seriously impair the rights of the opposite party—and particularly an amendment to an answer. A defendant can generally set up as many defenses as he may have. Appellant contends that the affidavits upon which the motion to amend was made show that it was based mainly on a mistake of law made by respondent's attorney; but, assuming that to be so, still the power of a court to allow an amendment is not limited by the character of the mistake which calls forth its exercise. The general rule that a party cannot be relieved from an ordinary *contract* which is in its nature final, on account of a mistake of law, does not apply to proceedings in an action at law while it is pending and undetermined. Pleadings are not necessarily final until after judgment. Section 473 of the Code of Civil Procedure provides that the court may allow an amendment to a pleading to correct certain enumerated mistakes or " a mistake in any other respect," and " in other particulars." The true rule is well stated in *Ward* v. *Clay*, 82 Cal. 502. In the case at bar evidence of the lease was given at the first trial; and we cannot see that the amendment before the second trial put plaintiff in a position any different from that which he would have occupied if the amendment had been made before the first trial.

Appellant contends that the court erred in allowing respondent to ask, on cross-examination of Packard, a witness for appellant, certain questions touching the diversion of water by third persons, and argues that said questions were contrary to the law of the case as settled by this court on the first appeal. We think, however, that considering the testimony of the witness in chief, the said questions were not beyond the legitimate scope of cross-examination. As to "the law of the case," it may be remarked that what the court said on the first appeal related entirely to the attempt of the defendant, under the pleadings as they then stood, to prove diversions by third persons as a defense; it had nothing to do with the question of proper cross-examination, and, of course, nothing to do with the right of respondent, under the present answer, to show the acts of his tenants. But, in fact, this point and all other points made by appellant, except his objection to the amendment of the answer, are unimportant and immaterial if the findings of the court are to stand to the effect that if any damage was done to appellant by the alleged diversion of water it was done, not by respondent, but by his tenants, for whose acts he is not responsible. The court found that respondent leased a portion of his riparian land to certain tenants for a term of five years, and agreed to construct and did construct a six-inch flume by which the water of the stream could be carried to the leased land—the tenants to keep the flume in repair; that respondent "had nothing to do or say as to the quantity of water that was diverted into said flume; that during the times stated in the complaint the said tenants "had actual and exclusive possession and control of said premises and of the flume"; that during said time respondent did not erect any dam or obstruction across said stream, or prevent any part of its waters from flowing down the same, or cause any part thereof to be wasted or carried away from appellant's riparian land; that all of the water which flowed through said flume was caused to so flow by said tenants over whom

respondent had no control; and that prior to the commencement of this action no notice was given respondent that there was a wrongful diversion of water through said flume, nor any demand made to abate the alleged nuisance. It is apparent that if these findings of fact are justified by the evidence, and constitute in law a defense, then it would be useless to inquire whether the court committed any error in arriving at the other findings about the quantity of water to which appellant was entitled, the quantity of which he was deprived, the damages done him, etc.

We do not deem it necessary to discuss here the general principle of law which applies to the question whether or not, in any particular case, a landlord is responsible for wrongful acts or nuisances done or created by his tenants. The general rule is, itself, well established; but its application to particular facts is often difficult, and there have been many decisions where the rule was invoked. Sufficient was said on the subject in the opinion of this court on the last appeal, both as to the rule and as to its application to the particular facts in the case at bar. (91 Cal. 146.) It is enough to say here that the evidence is not insufficient to support the findings on this subject above specially stated; and that those findings justify the legal conclusion that respondent was not liable, under the circumstances, for the said diversions of water by his tenants. This being so, the judgment must be affirmed.

Judgment and order affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.