[Civ. No. 31859. First Dist., Div. Three. Nov. 2, 1973.]

JOSEPH R. RAMOS, Plaintiff and Appellant, v.
CITY OF SANTA CLARA, Defendant and Respondent.

## COUNSEL

Carl B. Shapiro for Plaintiff and Appellant.

Edwin J. Moore, City Attorney, M. Van Smith, Assistant City Attorney, and Michael R. Downey, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**BROWN (H. C.), J.**—Respondent City of Santa Clara (hereinafter City) was granted a summary judgment in its favor on the ground that appellant's

claims against the City pursuant to a construction contract were barred by a provision of the contract to the effect that acceptance of final payment under the contract released all claims. It is undisputed that such a contract provision existed and that appellant had accepted and negotiated the check for final payment. ■ It is concluded that the complaint and supporting documents raised no question of fact to be resolved by a trial and that summary judgment was properly granted.

Two issues are presented on this appeal. (1) Was the City precluded from asserting the defense of release or accord and satisfaction by failing to plead the defenses? (2) Was the motion for summary judgment properly granted on the ground that appellant's acceptance of the final payment operated as a release?

Appellant is a contractor and performed work for the City under a contract calling for installment payments and specifically providing as follows: "26. Acceptance of Final Payment Constitutes Release. The acceptance by the Contractor of final payment shall be and shall operate as a release to the Owner of all claims and all liability to the Contractor for all things done or furnished in connection with this work and for every act and neglect to the owner and others relating to or arising out of this work. No payment, however, final or otherwise, shall operate to release the Contractor or his sureties from any obligations under this contract or the Performance and Payment Bond."

The total cost of the project was $406,360 of which 10 percent or $40,636 was withheld for final payment. On a form filled out in connection with the final payment, appellant wrote at the bottom, "exception of dewatering trench bottom and some extras." The final payment of $40,636 was paid to appellant by warrant dated August 25, 1970, which warrant was negotiated by appellant.

Appellant initially points out that the affirmative defenses of accord and satisfaction and release must be specially pleaded in order to raise them as issues. (See *Baker* v. *Ferrel,* 78 Cal.App.2d 578, 579 [177 P.2d 973]; *Owens* v. *Noble,* 77 Cal.App.2d 209, 215 [175 P.2d 241]; 3 Witkin, Cal. Procedure (2d ed. 1971) Rescission or Release, § 914, Novation or Account Stated, § 915, p. 2502.) It does not follow, however, that failure to raise the defenses in the answer of necessity precludes asserting these defenses on a motion for summary judgment. A trial court has discretion to allow amendment of any pleading at any stage of the proceedings and it has been said that liberality should be particularly displayed in allowing amendment of answers so that a defendant may assert all defenses available

to him. (See *Hyman* v. *Tarplee,* 64 Cal.App.2d 805, 813-814 [149 P.2d 453]; *Gould* v. *Stafford,* 101 Cal. 32, 34 [35 P. 429]; 61 Am.Jur.2d, Pleading, § 309, p. 712 et seq.)

Since defenses of release or accord and satisfaction may be decided by summary judgment, provided, of course, that there are no triable issues of fact, it was proper for the trial judge here to permit them to be raised by motion. ■■ Appellant did not object at the time the motion was made that the defenses had not been raised first in the answer nor does he argue now that failure to plead the defenses took him by surprise or prejudiced him in any way. In opposition to the motion for summary judgment, appellant contended only that the pretrial conference order terminated law and motion matters 15 days before trial so that the court did not have jurisdiction without a modification of the pretrial conference order to hear the motion. Although there was no formal written modification of the pretrial conference order, the court, by hearing and granting the motion, modified its pretrial conference order. Appellant suggests no rule or principle which would forbid acceptance of the actions of the court in this situation as an amendment of the pretrial conference order. (See *Gonzales* v. *Brennan,* 238 Cal.App.2d 69 [47 Cal.Rptr. 501].)

■■ In disputing the propriety of granting the motion for summary judgment, appellant takes the position that the case contains questions of fact to be resolved at trial. These questions of fact concern the intentions of the parties in including the language of paragraph 26 in the contract and in tendering and accepting the final contract payment. There is concededly no question that the contract contained paragraph 26 and that the check was accepted and cashed.

It should be noted that paragraph 26 of the contract did not itself release future claims. It merely provided a means of release, i.e., by acceptance of the final payment. It should also be noted that appellant did not file any affidavits in opposition to the motion for summary judgment.

Nowhere does appellant contend that he was misled as to the meaning of paragraph 26 or was unaware of its existence. Nor does appellant claim that any facts existed whereby the City had waived the contract provision or was estopped from asserting it. The fact was undisputed that he knew of the claims he had against the City at the time he accepted final payment. He does not even contend that he did not know that acceptance of final payment would operate as a release of the claims he had against the City. It is thus clear that acceptance of the payment acted as would an accord and satisfaction. (See Civ. Code, § 1521 et seq.) (See also *Potter* v. *Pacific Coast Lumber Co.,* 37 Cal.2d 592, 597 [234 P.2d 16].)

Appellant's contention that Civil Code section 1525 disposes of the City's contentions is without merit.* To give to section 1525 the role assumed for it by appellant would be to vitiate completely the law of accord and satisfaction. This is contrary to principles of statutory construction. The Legislature is presumed to intend to achieve a consistent body of law. (*Boyd* v. *Huntington,* 215 Cal. 473 [11 P.2d 383].) In accord with this principle, subsequent legislation is not presumed to effectuate a repeal of the existing law in the absence of that expressed intent. (*Hammond* v. *McDonald,* 32 Cal.App.2d 187, 192 [89 P.2d 407]; *Warne* v. *Harkness,* 60 Cal.2d 579, 588 [35 Cal.Rptr. 601, 387 P.2d 377].) ■ Section 1525 will operate in the absence of an accord and satisfaction within the debtor has agreed to accept something less than that to which he is entitled. Conversely, section 1525 will not operate where such an agreement exists or where, as here, the debtor has agreed to a contract provision setting forth the conditions under which claims will be released.

We have concluded that the trial court correctly decided that acceptance of the final payment under the contract barred appellant from any further claims in connection with the work. It is unnecessary to consider whether the court correctly decided that the second cause of action was barred on the ground that there was no change order approved by the City nor authorization for extra work. This claim was also in connection with the work appellant was doing pursuant to the contract and would, like the other claims, be barred by acceptance of the payment.

The judgment is affirmed.

Draper, P. J., and Caldecott, J., concurred.

A petition for a rehearing was denied November 30, 1973, and appellant's petition for a hearing by the Supreme Court was denied December 27, 1973.

---

*Section 1525 provides as follows: "It is the public policy of this State, in the best interests of the taxpayer and of the litigant, to encourage fair dealing and to promote justice by reducing litigated matters to the lowest level of jurisdiction.

"In case of a dispute over total money due on a contract and it is conceded by the parties that part of the money is due, the debtor may pay, without condition, the amount conceded to be due, leaving to the other party all remedies to which he might otherwise be entitled as to any balance claimed.

"If any conditions are attached to the payment, this section shall not be deemed to have limited the remedies available to the other party under other provisions of law on the original amount claimed."