Filed 9/23/13  Bethea v. City of Inglewood CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ROBERT J. BETHEA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF INGLEWOOD,<br><br>    Defendant and Respondent. | B240630<br><br>(Los Angeles County<br>Super. Ct. No. YC063863) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Cary H. Nishimoto, Judge.  Affirmed.

Robert J. Bethea, in pro. per., for Plaintiff and Appellant.

Atkinson, Andelson, Loya Ruud & Romo, Irma Rodríguez Moisa, Amber M. Solano and Jorge J. Luna for Defendant and Respondent.

_____

Robert J. Bethea, an unsuccessful applicant for employment with the City of Inglewood, sued the city after being passed over for an interview for his desired position. Inglewood obtained a summary judgment in its favor, and Bethea appeals. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Bethea applied in 2007 to become a Senior Personnel Analyst for Inglewood, but he did not receive an interview for the position. He sued Inglewood by means of a verified complaint for age discrimination, retaliation, fraud, and breach of contract.

In August 2011 Inglewood moved for summary judgment. The following month, Inglewood successfully moved for leave to file a first amended answer that replaced its earlier general denials with specific denials of the allegations in the operative complaint. Bethea did not oppose the motion to amend.

The court granted the motion for summary judgment and entered judgment in Inglewood's favor. Bethea appeals.

## DISCUSSION

### I.     Effect of the First Amended Answer

Bethea contends that the motion for summary judgment was moot and should not have been heard because Inglewood had not filed a verified answer as of the date the motion for summary judgment was filed. Bethea reasons that because Inglewood's answer was not verified, it "had not answered" the first amended complaint, so the case was not at issue. Code of Civil Procedure section 446 provides that when a city is a defendant, its answer need not be verified. The summary judgment motion was properly considered by the trial court.

**II.    Request that the Motion for Leave to Amend the Answer be Stricken**

Bethea's next contention is that Inglewood's motion to amend was untimely and must be stricken on appeal.  Assuming for the purposes of argument that this claim is cognizable on appeal from the summary judgment, we conclude that the motion to amend the answer was not untimely.  In furtherance of justice, a court may grant leave to amend the pleadings at any stage of the action (Code Civ. Proc., § 473, subd. (a)(1)), and "[t]he rule is that courts will be liberal in allowing an amendment to a pleading when it does not seriously impair the rights of the opposite party--and particularly an amendment to an answer." (*Gould v. Stafford* (1894) 101 Cal. 32, 34.)  Bethea did not oppose the motion to amend the answer, and he did not allege that any prejudice would result from permitting amendment. Accordingly, Bethea has not demonstrated any basis for reversal with this argument.

**III.    Substantive Challenges to the Summary Judgment**

The remaining arguments in Bethea's brief are directed toward the merits of the summary judgment.  A motion for summary judgment is properly granted only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (Code Civ. Proc., § 437c, subd. (c).)  We review a grant of summary judgment de novo and decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law.  (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348.)

A.  Count 1:  Age Discrimination

The trial court found that Bethea's age discrimination cause of action failed on two grounds:  first, because Bethea based his claim on an inapplicable statute, Government Code section 11135, subdivision (a); and second, because Bethea failed to establish a triable issue of material fact as to multiple elements of an age discrimination cause of action.

3

Bethea contends that Government Code section 11135, subdivision (a), was a proper statutory basis for his age discrimination cause of action, and that even if it were not the proper statute under which to proceed, he could have amended his complaint; that the important question is not the authorizing statute but whether "age discrimination occurred based on a preponderance of the evidence"; and that the court's conclusions as to the applicability of the Government Code were "random," as was the conclusion that "age discrimination did not occur because the Appellant sought compensatory and punitive money damages."[1]

While we perform a de novo review of summary judgments, it is always the appellant's burden on appeal to demonstrate that the trial court erred. (*Boyle v. CertainTeed Corp*. (2006) 137 Cal.App.4th 645, 649-650 [party asserting trial court error may not rest on the bare assertion of error but must present argument and legal authority on each point raised].)  With respect to this cause of action, Bethea has not established any error on the part of the trial court.  The trial court did not find that age discrimination did not occur because Bethea sought damages, as Bethea asserts; the trial court noted that the statute under which Bethea was attempting to proceed authorized only equitable relief.  Even assuming that Bethea is correct that he grounded his age discrimination claim upon a proper statute, he has neither argued nor demonstrated by reference to evidence presented to the trial court that the court erred in concluding that he had failed to demonstrate a triable issue of material fact as to the elements necessary to establish an age discrimination claim.  Accordingly, Bethea has not shown that the trial court erred when it summarily adjudicated this cause of action.

---

[1]    In this section of the brief and in all remaining arguments, Bethea also repeats his argument that the entire motion for summary judgment is moot because the case was not at issue due to the absence of a verification accompanying the answer.  As we have discussed and rejected this argument, we will not repeat the analysis in the remaining portions of the discussion.

B.  Count 2:  Retaliation

In Bethea's first amended complaint, he alleged that Inglewood's actions had been taken in retaliation for (1) a 2001 discrimination complaint he had filed; (2) his service as a union steward and negotiator; and (3) his successful 2007 complaint to the Inglewood mayor about a practice regarding employees' participation in promotional examinations that violated city rules and regulations.  Bethea's retaliation claims, however, were narrowed at deposition, when he testified that he believed the city had retaliated against him only in response to the complaint he had made about promotional examination practices and that he did not believe that the employment decisions were made in retaliation for his earlier lawsuit or for his acts as a union representative.

The Fair Employment and Housing Act ("FEHA") makes it illegal to retaliate against a person because that person has opposed any practices forbidden" by FEHA or "because the person has filed a complaint, testified, or assisted in any proceeding under" FEHA.  (Gov. Code, § 12940, subd. (h).)  The trial court concluded that Bethea had failed to demonstrate that he had engaged in a protected activity under FEHA.  Complaining that a practice of permitting non-permanent employees to participate in promotional testing violated Inglewood rules restricting participation to permanent employees bears no evident connection to FEHA or practices forbidden by this statute, and Bethea has not argued otherwise.  The trial court properly found that Bethea had not stated a retaliation claim.

Bethea's argument on appeal is that Inglewood did not "show a clear case of Undisputed Material facts in support of its position" and that the court should have strictly construed Inglewood's evidence and liberally construed his evidence.  Bethea makes no reference to any disputed facts, evidence, or error in the court's ruling.  An appellant must offer argument as to how the court erred, rather than citing general principles of law without applying them to the circumstances before the court.  (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 (*Landry*).)  Bethea has not established any error.

5

C. Counts 3 and 4: Fraud, Breach of Contract

The trial court summarily adjudicated Bethea's third cause of action for fraud on the basis that Bethea failed to comply with the Government Claims Act (Gov. Code, § 810 et seq.), and that he had not established any triable issue of material fact as to the elements of justifiable reliance, causation, and damages. The court summarily adjudicated the fourth cause of action for breach of written contract on the ground that all public employment is held by statute, not contract.

Bethea addresses these two causes of action together and claims that "there is no agreement between the parties as to what might be described as undisputed material facts in anyone's favor." He then accuses the court of "leaning in favor of the Defendant in construing that there was no triable issue of material fact, which could best be categorized as a legal stretch, which the courts are clear on, or should be, is not proper on MSJ [motion for summary judgment]." Bethea then cites case law standing for the proposition that all doubts as to the propriety of granting summary judgment are to be resolved in favor of the party opposing the motion. In his reply brief, Bethea states that his claim was in fact presented to the Inglewood City Council.

Even assuming for the purposes of this analysis that Bethea complied with the Government Claims Act, this fact would not warrant reversal, because he has presented no argument demonstrating that the court erred when it ruled that Bethea had failed to establish a triable issue of material fact as to the elements of justifiable reliance, causation, and damages in conjunction with his fraud claim. Similarly, Bethea did not set forth any legal argument demonstrating error in the court's conclusion that Bethea, undisputedly a public employee, could not establish an employment contract between himself and Inglewood because he held his position pursuant to statute rather than contract. As Bethea has not presented a legal argument with reference to specific evidence to show that there existed triable issues of material fact that precluded summary judgment on these two causes of action, Bethea has not demonstrated any error by the trial court here. (*Department of Alcoholic Beverage Control v. Alcoholic Beverage*

*Control Appeals Bd*. (2002) 100 Cal.App.4th 1066, 1078 ["Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review"]; *Landry*, *supra*, 39 Cal.App.4th at pp. 699-700 [appellant must demonstrate by argument how the court erred and not merely cite general principles of law without application to the instant case].)

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs, if any, on appeal.


ZELON, J.

We concur:


WOODS, Acting P. J.


SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.