Filed 9/30/21  Villalobos v. Mike's Auto Group CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CUAUHTEMOC DELA MORA VILLALOBOS et al., Plaintiffs and Appellants, v. MIKE'S AUTO GROUP, INC., et al., Defendants and Respondents. | G060400 (Super. Ct. No. 17CV000386) O P I N I O N |

Appeal from a judgment of the Superior Court of Monterey County, Marla O. Anderson, Judge.  Affirmed.

Rosner, Barry & Babbitt, Christopher P. Barry and Arlyn L. Escalante for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

\*            \*            \*

After the trial court confirmed an arbitration award against Cuauhtemoc Dela Mora Villalobos and Azucena Ponce, they appeal from the order compelling the parties to arbitration. Appellants contend that respondent Mike's Auto Group, Inc. (Mike's Auto), waived its right to seek arbitration, and that the trial court improperly appointed the arbitrator in violation of Code of Civil Procedure section 1281.6. As discussed below, appellants have not shown reversible error. Accordingly, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. *Complaint and Mediation*

On January 27, 2017, appellants filed a complaint against Mike's Auto and Bay Federal Credit Union (Bay FCU), alleging they had purchased a used 2014 Lexus vehicle by means of an installment sale contract, which Mike's Auto later assigned to Bay FCU. The complaint alleged the vehicle had substantial preexisting damage, and it sought recission of the sale contract and various other remedies. The complaint noted the contract contained a permissive arbitration clause, and stated that plaintiffs elected to initiate the instant court action, "but will agree to stipulate to arbitration through JAMS, if Defendants wish to resolve this dispute in arbitration."

In March 2017, Mike's Auto and Bay FCU filed answers, generally denying the allegations and raising numerous affirmative defenses, but did not plead arbitration as an affirmative defense.

The court appointed a mediator on June 6, 2017, and on August 24, 2017, the parties participated in a mediation, which did not result in an agreement.

B. *Motion to Compel Arbitration*

On September 18, 2017, Mike's Auto filed a case management statement providing notice it would bring a motion to compel arbitration. The case management statement also acknowledged the vehicle had been inspected.

2

On October 3, 2017, Mike's Auto filed its motion to compel arbitration. The motion argued the arbitration clause in the sale contract was enforceable, and it requested arbitration before AAA. The motion also stated Mike's Auto would pay appellants' arbitral fees.

Appellants opposed the motion to compel arbitration, arguing Mike's Auto waived its right to seek arbitration by actively participating in litigation for almost a year before requesting arbitration. Appellants stated that Mike's Auto did not assert binding arbitration as an affirmative defense in its answer, and that Mike's Auto responded to plaintiffs' discovery requests in May 2017, noticed a vehicle inspection on May 23, 2017, and participated in court-ordered mediation in August 2017.

Appellants asserted that if the court were to order arbitration, they would select JAMS as the arbitration provider, not AAA. They also requested that a single arbitrator be appointed, and that the court appoint the single arbitrator pursuant to Code of Civil Procedure section 1281.6,[1] if the parties failed to agree on the arbitration provider.

In response, Mike's Auto argued its limited actions did not show waiver, and asserted that inspecting the vehicle and responding to discovery requests would have occurred in the arbitration in any event. It also renewed its request for arbitration before AAA.

At the hearing on the motion to compel arbitration, the trial court ordered the parties to arbitration. After discussing the process of appointing an arbitrator with the parties, the court further ordered the parties to "[w]ithin ten days submit five names each" and "then the Court will go ahead and select an arbitrator." Neither party objected to this procedure.

---

[1] All further citations are to the Code of Civil Procedure, unless stated otherwise.

3

Appellants submitted their list of arbitrators on November 13, 2017. Respondents submitted a different list of five arbitrators on November 13, 2017, and also submitted a proposed order with those arbitrator's names. In response to the proposed order, appellants submitted their own proposed order listing all ten arbitrators. On November 18, 2017, the trial court selected George J. Kovacevich from Mike's Auto's lists of arbitrators, after noting that it had reviewed the "joint list submitted by Plaintiff."

C. *Arbitration and Appeal*

Arbitrator Kovacevich granted respondents' motion for summary disposition on appellants' claims, and dismissed the matter with prejudice. He denied respondents' fees and costs. Appellants then filed a petition to confirm the arbitration award. On April 22, 2019, the trial court entered a judgment confirming the arbitration award. Appellants noticed an appeal from the judgment, and all interim and preceding orders, including the order granting the motion to compel arbitration.

II

DISCUSSION

Appellants contend the judgment confirming the arbitration award must be reversed because Mike's Auto waived its right to seek arbitration and the trial court erred in selecting the arbitrator.

A. *Mike's Auto Did Not Waive Its Arbitration Rights*

As our Supreme Court has stated: "State law. . . reflects a strong policy favoring arbitration agreements and requires close judicial scrutiny of waiver claims. [Citation.] Although a court may deny a petition to compel arbitration on the ground of waiver [citation], waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof." (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195 (*St. Agnes*).) "'In determining waiver, a court can consider "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties

4

'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party."'" (*Id.* at p. 1196.) "No one of these factors predominates and each case must be examined in context." (*Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 444 (*Lewis*).)

"The question of waiver is generally a question of fact, and the trial court's finding [on] waiver is binding on us if it is supported by substantial evidence. [Citation.] 'We infer all necessary findings supported by substantial evidence [citations] and "construe any reasonable inference in the manner most favorable to the judgment, resolving all ambiguities to support an affirmance."' [Citation.] Reversal is not justified simply because the trial court could have potentially reached a different conclusion on the question of waiver." (*Bower v. Inter-Con Security Systems, Inc.* (2014) 232 Cal.App.4th 1035, 1043.)

Here, the trial court, in ordering arbitration, rejected appellants' argument that Mike's Auto had waived its right to seek arbitration. Appellants contend the evidence does not support this result because Mike's Auto (1) acted inconsistently with the right to arbitrate by failing to plead arbitration as an affirmative defense in its answer, responding to appellants' discovery requests, conducting a vehicle inspection and participating in court-ordered mediation, and (2) unreasonably delayed demanding arbitration until 10 months after the complaint was filed.

While appellants are correct that the failure to plead arbitration as an affirmative defense in an answer has been found to be inconsistent with the later assertion of a right to arbitrate (*Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 557-

558), it is merely one factor in the determination and is not dispositive on the issue of waiver. Mike's Auto could have moved at any time to amend its answer to include this defense, even at this late stage. (See *Ramos v. City of Santa Clara* (1973) 35 Cal.App.3d 93, 95 ["A trial court has discretion to allow amendment of any pleading at any stage of the proceedings."].)

The remaining factors appellants cite do not provide a basis to reverse the trial court's finding that there had been no waiver. Participation in an insignificant amount of discovery initiated by other parties is not inconsistent with arbitration. (*Zamora v. Lehman* (2010) 186 Cal.App.4th 1, 19.) Likewise, mediation is not generally inconsistent with arbitration. (*Id*. at p. 20 ["attempt to settle the action was not inconsistent with the right to arbitrate"].) As to the vehicle inspection, appellants did not show that conducting a vehicle inspection is a discovery procedure not available in arbitration.

Appellants also argue on appeal that they revealed their litigation strategy through discovery, but never made this argument at the trial court. They have, as a result, forfeited the argument. Even if they had not, the record does not establish that any litigation strategy was revealed.

As to the delay in demanding arbitration, appellants have not shown the delay was unreasonable. While Mike's Auto waited nearly 10 months before moving to compel arbitration, that 10-month period included nearly two months when the parties were in mediation. More important, "a delay is found unreasonable only when it is combined with the attempt by the party asserting a right to arbitrate to obtain an advantageous litigation position during the delay." (*Gloster v. Sonic Automotive, Inc.* (2014) 226 Cal.App.4th 438, 449.) For example, in *Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 996, the defendant delayed 10 months before moving to compel arbitration but also filed demurrers and engaged in expansive discovery during that time period. In *Davis v. Continental Airlines, Inc.* (1997) 59 Cal.App.4th 205, 213, 217, the

defendant delayed six months before moving to compel arbitration but also used court discovery procedures not available in arbitration to obtain 1,600 pages of documents from plaintiff, and took plaintiff's two-day deposition. In *Lewis*, *supra*, 205 Cal.App.4th at p. 446, the defendant delayed five months before moving to compel arbitration, but also filed multiple demurrers and motions to strike and participated in discovery. In *Guess?, Inc. v. Superior Court, supra* 79 Cal.App.4th at p. 558, the defendant delayed three months before moving to compel arbitration but fully participated in the discovery process, including sending two sets of lawyers to third party depositions and taking full advantage of every opportunity to cross-examine deponents. The appellate court also noted that Guess?, Inc., spent over $150,000 in litigating the case, and four third party depositions were taken, with another 11 arranged. (*Id.* at p. 559, fn. 2.)

Here, in contrast, Mike's Auto did not take significant affirmative action to litigate the case. It did not file demurrers or other motions, did not initiate discovery except for a vehicle inspection, and merely responded to appellants' written discovery requests as the law requires (§ 2030.210). The record shows Mike's Auto's responses totaled 14 pages, not including produced documents.

In sum, while there was some evidence that could support a finding of waiver, appellants did not meet their "heavy burden of proof" to show Mike's Auto waived its right to arbitration. (*St. Agnes*, *supra*, 31 Cal.4th at p. 1195.) The trial court found no waiver, and the record does not establish waiver as a matter of law. Accordingly, we must affirm the trial court's waiver ruling. (*Lewis*, *supra*, 205 Cal.App.4th at p. 453 ["It is not enough the trial court potentially could have reached a different conclusion; rather, we may reverse the trial court's waiver finding only if the record establishes a . . . waiver as a matter of law."].)

B. *The Trial Court Did Not Commit Reversible Error in Its Selection of the Arbitrator*

Section 1281.6 provides: "If the arbitration agreement provides a method of appointing an arbitrator, that method shall be followed. If the arbitration agreement

7

does not provide a method for appointing an arbitrator, the parties to the agreement who seek arbitration and against whom arbitration is sought may agree on a method of appointing an arbitrator and that method shall be followed. In the absence of an agreed method, or if the agreed method fails or for any reason cannot be followed, or when an arbitrator appointed fails to act and his or her successor has not been appointed, the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator.

"When a petition is made to the court to appoint a neutral arbitrator, the court shall nominate five persons from lists of persons supplied jointly by the parties to the arbitration or obtained from a governmental agency concerned with arbitration or private disinterested association concerned with arbitration. The parties to the agreement who seek arbitration and against whom arbitration is sought may within five days of receipt of notice of the nominees from the court jointly select the arbitrator whether or not the arbitrator is among the nominees. If the parties fail to select an arbitrator within the five-day period, the court shall appoint the arbitrator from the nominees." (§ 1281.6)

Appellants contend the selection of Kovacevich as the arbitrator failed to conform with the mandatory requirements of section 1281.6 because the trial court did not nominate five persons and allow the parties to jointly select the arbitrator. However, the record demonstrates that, at the hearing on the motion to compel arbitration, the trial court discussed the arbitrator selection process it intended to follow with the parties. Both parties agreed to this selection process, and the court's selection of Kovacevich was consistent with the agreement. Although appellants objected to Mike's Auto's proposed arbitrator appointment order, the record does not show any objection to the court's order appointing Kovacevich as the arbitrator. Thus, appellants forfeited any challenge to the arbitrator selection process because they agreed to that process and never objected below to the trial court order selecting Kovacevich. (See, e.g., *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939, 948 ["appellant forfeited its challenge to the propriety of the pretrial procedure by failing to object

8

below"]; *In re Wilford J.* (2005) 131 Cal.App.4th 742, 754 ["An appellate court ordinarily will not consider challenges based on procedural defects or erroneous rulings where an objection could have been but was not made in the trial court"].)

## III

### DISPOSITION

The judgment is affirmed. Because respondent did not participate in the appeal, no costs are awarded.

ZELON, J.*

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.