Filed 11/4/22 Hoffmann v. Young CA2/6
Opinion on remand from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MIKAYLA HOFFMANN, | 2d Civil No. B292539 |
| | (Super. Ct. No. 16CVP0060) |
| Plaintiff and Appellant, | (San Luis Obispo County) |
| v. | OPINION ON REMAND |
| CHRISTINA M. YOUNG et al., | |
| Defendants and Respondents. | |

   This case comes to us on remand from the California Supreme Court after its reversal of our previous decision, *Hoffmann v. Young* (2020) 56 Cal.App.5th 1021 (*Hoffmann I*). The Supreme Court's opinion – *Hoffmann v. Young* (2022) 13 Cal.5th 1257 (*Hoffmann II*) – interprets Civil Code section 846, which establishes the recreational use immunity defense.[1] The defense is set forth in section 846, subdivision (a): "An owner of any estate or other interest in real property . . . owes no duty of

---

   [1] All undesignated statutory references are to the Civil Code.

care to keep the premises safe for entry or use by others for any recreational purpose . . . , except as provided in this section." The exception at issue here – section 846, subdivision (d)(3) (hereafter 846(d)(3)) – provides that the defense does not apply to "persons who are expressly invited rather than merely permitted to come upon the premises by the landowner."

The Supreme Court described the question before it as follows: "Under Civil Code section 846, landowners generally owe no duty of care to keep their property safe for others who may enter or use it for recreational purposes. There is an exception to that statutory negation of duty . . . when a landowner expressly invites someone onto the property. [(§ 846(d)(3)).] The question here is whether that exception applies when the invitation is extended, not by the landowners, but by their live-at-home child who acts without the owners' knowledge or permission. The trial court ruled that the exception did not apply because there was no evidence the landowners personally invited the plaintiff to come onto their land. The Court of Appeal reversed, holding that an invitation by a landowner's live-at-home child operates to activate the exception unless the child has been prohibited from making the invitation." (*Hoffmann II*, *supra*, 13 Cal.5th at pp. 1262-1263.)

The Supreme Court continued: "Neither court interpreted the statute correctly. Here, we hold that a plaintiff may rely on the exception and impose liability if there is a showing that a landowner, or an agent acting on his or her behalf, extended an express invitation to come onto the property. Plaintiff did not meet that burden below." (*Hoffmann II*, *supra*, 13 Cal.5th at p. 1263.) In its disposition the Supreme Court stated: "The Court of Appeal's judgment is reversed. The matter is remanded to the

2

Court of Appeal for it to address plaintiff's claim that the trial court erred by denying her motion for a new trial and for further proceedings consistent with this opinion." (*Id*. at p. 1277.)

After the Supreme Court's decision had become final, neither party filed a supplemental brief as permitted by Rule 8.200(b)(1) of the California Rules of Court: "Within 15 days after finality of a Supreme Court decision remanding or order transferring a cause to a Court of Appeal for further proceedings, any party may serve and file a supplemental opening brief in the Court of Appeal. Within 15 days after such a brief is filed, any opposing party may serve and file a supplemental responding brief." (*Ibid*.)

We affirm the trial court's judgment in favor of defendants.

*Factual and Procedural Background*

While riding her motorcycle on a motocross track, Mikayla Hoffmann (plaintiff) was injured in a collision with another motorcycle ridden by Gunner Young (Gunner), plaintiff's 18-year-old friend. The track and an adjacent residence were on property owned by Gunner's parents, Christina and Donald Young (Christina and Donald). Gunner lived with his parents on the property.

Gunner invited plaintiff, a minor, to come onto the property. In her opening brief plaintiff acknowledges that Gunner "issued an invitation to [her] to visit the premises without seeking permission from his parents." There is no evidence that Gunner's parents prohibited him from inviting plaintiff or other guests onto the property.

Plaintiff sued the Youngs (defendants). Her complaint alleged four causes of action: (1) general negligence, (2) premises liability, (3) motor vehicle negligence, and (4) negligent provision

3

of medical care. The first three causes of action were against Gunner, Donald, and Christina. The fourth cause of action was against the same parties as well as Gunner's brother, Dillon.

The court granted Gunner's motion for summary adjudication as to all causes of action except the fourth for negligent provision of medical care. Plaintiff agreed that she would not proceed on the third cause of action for motor vehicle negligence.

On June 4, 2018, the day before the trial began, over plaintiff's objection defendants moved to amend their answer to allege the affirmative defense of recreational use immunity pursuant to section 846. The trial court deferred ruling on defendants' motion until later during the trial, when it granted the motion.

The trial court granted a directed verdict in favor of Christina on the first and second causes of action for general negligence and premises liability. Thus, as to the first and second causes of action, Donald was the sole remaining defendant. His liability on these causes of action was based on a single theory: the allegedly negligent design of the track.

As to the negligent design issue, the jury returned a special verdict finding in Donald's favor on the recreational use immunity defense. As to the medical care issue (fourth cause of action), the jury found in defendants' favor. The trial court entered a defense verdict on all counts. It denied plaintiff's motion for a new trial.

Plaintiff appealed. We reversed the judgment as to the first and second causes of action against Donald and affirmed in all other respects. We concluded that Gunner's express invitation to plaintiff operated as an express invitation from his parents,

4

the landowners, within the meaning of section 846(d)(3). We held: "Where the landowner and the landowner's child are living together on the landowner's property with the landowner's consent, the child's express invitation of a person to come onto the property operates as an express invitation by the landowner within the meaning of section 846, subdivision (d)(3), unless the landowner has prohibited the child from extending the invitation." (*Hoffmann I*, *supra*, 56 Cal.App.5th at p. 1028.) We observed, "Here, of course, there is no express agency [relationship between Gunner and his parents]. But, there is implied agency to let son invite, and expressly consent, to allow a person to come onto his parents' land." (*Id*. at p. 1029.)

The Supreme Court rejected our implied agency theory: "'Agency exists when a principal engages an agent to act on the principal's behalf and subject to its control.'" (*Hoffmann II*, *supra*, 13 Cal.5th at p. 1274.) "Common social convention would indicate that parents often permit a child, even a minor of a certain age, to invite social guests onto the family property. However, that convention standing alone would be insufficient to create an agency relationship. . . . Mere implied permission to invite friends over would not suffice to trigger section 846(d)(3)'s exception. While a child may be allowed to invite friends of their choosing, without more, the invitation is theirs alone." (*Id*. at pp. 1274-1275.)

The Supreme Court continued: "[U]nder the facts in this record, Gunner cannot be said to have acted on his parents' "'behalf and subject to [their] control.'" [Citation.] His parents did not know plaintiff, nor were they aware of the invitation. The evidence adduced at trial points to Gunner acting on his own behalf and not under the control of his parents." (*Hoffmann II*,

5

*supra*, 13 Cal.5th at p. 1275.)  "We hold that a qualifying invitation under section 846(d)(3) may be made by a landowner's authorized agent who issued the invitation on the landowner's behalf.  Here, the record does not show that Gunner was so authorized; therefore, we reverse the Court of Appeal's judgment."  (*Id*. at pp. 1276-1277.)

*The Trial Court Did Not Abuse Its Discretion in Granting Defendants' Motion to Amend Their Answer*

Plaintiff contends that the trial court abused its discretion in granting defendants' motion to amend their answer to assert the affirmative defense of recreational use immunity.  After the jury was selected but before opening statement, the court conducted a hearing on the motion.  Plaintiff's counsel asked the court to defer ruling on the motion until after the evidence had been presented.  Counsel said: "[T]hey filed their motion.  We filed our reply.  We can see what the evidence brings out and make a decision at the end."  "[W]e can consider the merits of it based upon the evidence that the jury heard."  Before defendants called their final defense witness, the trial court granted their motion to amend the answer.

"'[Code of Civil Procedure] section 437 permits the trial court in its discretion to allow amendments to pleadings in the furtherance of justice.  Ordinarily, courts should "exercise liberality" in permitting amendments at any stage of the proceedings.  [Citations.]  In particular, liberality should be displayed in allowing amendments to answers, for a defendant denied leave to amend is permanently deprived of a defense.'"  (*Royal Thrift & Loan Co. v. County Escrow, Inc.* (2004) 123 Cal.App.4th 24, 41; see also *Ramos v. City of Santa Clara* (1973) 35 Cal.App.3d 93, 95-96 ["A trial court has discretion to allow

6

amendment of any pleading at any stage of the proceedings and it has been said that liberality should be particularly displayed in allowing amendment of answers so that a defendant may assert all defenses available to him"]; accord, *Gould v. Stafford* (1894) 101 Cal. 32, 34.)

An abuse of discretion occurs "only where no reasonable basis for the court's action can be shown." (*Ramos v. Countrywide Home Loans, Inc.* (2000) 82 Cal.App.4th 615, 621.) In determining whether the trial court abused its discretion, we consider the record before the court when it made its ruling. (*People v. Myles* (2012) 53 Cal.4th 1181, 1200; *People v. Price* (1991) 1 Cal.4th 324, 388.) "It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment [or order] as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.'" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)

The trial court granted defendants' motion to amend their answer because the denial of the motion would have deprived them of a meritorious defense. The court said: "[T]he court is going to find that the recreational immunity under Civil Code section 846 does apply. . . . So the Court is directing [defendants] to file [their amended] answer today."

Based on the Supreme Court's decision in *Hoffmann II*, the trial court did not abuse its discretion in permitting the amendment. The recreational use immunity defense was meritorious. The section 846(d)(3) exception did not apply because the landowners, Gunner's parents, did not expressly invite plaintiff and Gunner was not acting as their agent when he invited her to come onto the property.

Plaintiff argues that the trial court abused its discretion because defendants delayed filing their motion until the day before the trial began. Plaintiff claims that the late filing denied her the opportunity to conduct discovery concerning the recreational use immunity defense. In her written opposition to the motion, plaintiff protested: "The prejudice of allowing the Defendants to alter their answer this late into litigation would be unavoidable. Both parties have already conducted extensive discovery and mediation, and this move, just one day before trial, would require more discovery and more production of evidence of occurrences more than three years old for a claim that was never considered until now. Furthermore, the additional research and preparation that would be needed in order to properly address this affirmative defense would inevitably translate to more cost and burden to the parties and the Court in this matter." During the trial, plaintiff's counsel stated: "[T]he recreational use immunity statute has very specific elements that were not investigated in discovery, whether it be depositions, interrogatories, because it was not originally pled." "[I]f this was going to be a defense, we would have pursued discovery quite a bit differently."

"Although courts are bound to apply a policy of great liberality in permitting amendments to the complaint at any stage of the proceedings, up to and including trial [citations], this policy should be applied only '[w]here no prejudice is shown to the adverse party . . . .' [Citation.] A different result is indicated '[w]here inexcusable delay and probable prejudice to the opposing party' is shown." (*Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 487.) But defendants observe, "[P]laintiff never explained below precisely what new discovery she needed to

8

obtain in order to rebut the recreational use immunity defense."
Plaintiff's "vague, general and conclusory" allegation that the
amendment "would require more discovery and more production
of evidence of occurrences more than three years old" was
insufficient to establish prejudice. (*People v. Sahagun* (1979) 89
Cal.App.3d 1, 23-24.) Plaintiff did not specify what additional
evidence needed to be produced and why that evidence would be
relevant. Accordingly, plaintiff has not carried her burden of
showing that the trial court abused its discretion in granting
defendants' motion to amend their answer. (*Cahill v. San Diego
Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957 ["It is the
appellant's burden on appeal to show the trial court abused its
discretion"]; see also *Estate of Gilkison* (1998) 65 Cal.App.4th
1443, 1448.)

*Jury Instruction*

The trial court instructed the jury pursuant to CACI No.
1010 on the express invitation exception (§ 846(d)(3)) to the
recreational use immunity defense. The instruction was as
follows: "Donald Young is not responsible for [plaintiff's] harm if
he proves that [her] harm resulted from her entry on or use of
Donald Young's property for a recreational purpose. However,
Donald Young is still responsible for [plaintiff's] harm if
[plaintiff] proves that: Donald Young willfully or maliciously
failed to protect others from or warn others about a dangerous
condition on the property[,] or Donald Young expressly invited
[plaintiff] to use the property *for the recreational purpose*."
(Italics added.)

Plaintiff claims that the instruction is "an incorrect
statement of the law because it states that the 'express invitation'
had to be . . . issued personally by 'Donald Young'" when it could

also have been issued by Gunner.  Based on *Hoffmann II*, plaintiff's claim lacks merit because the evidence is insufficient to show that Gunner was acting as his parent's agent when he invited plaintiff onto the property.

We agree with plaintiff that CACI No. 1010 erroneously states that, for the express invitation exception to apply, Donald must have invited plaintiff to use the property "for the recreational purpose."  The statute does not require such a specific purpose.  (*Calhoon v. Lewis* (2000) 81 Cal.App.4th 108, 114; *Pacific Gas & Electric Co. v. Superior Court* (2017) 10 Cal.App.5th 563, 588 (*Pacific Gas & Electric*); *Jackson v. Pacific Gas & Electric Co.* (2001) 94 Cal.App.4th 1110, 1116, disapproved on other grounds in *Hoffmann II, supra,* 13 Cal.5th at p. 1270, fn. 13.)

"In order to persuade an appellate court to overturn a jury verdict because of instructional error, an appellant must demonstrate that 'the error was prejudicial [citation] and resulted in a "miscarriage of justice."' [Citations.]  Instructional error ordinarily is considered prejudicial only when it appears probable that the improper instruction misled the jury and affected the verdict."  (*Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1213.)  Plaintiff has failed to demonstrate that the instructional error here was prejudicial.  Donald did not invite plaintiff to use the property for any purpose.

*Motion for New Trial*

In *Hoffmann I*, we upheld the trial court's denial of plaintiff's motion for a new trial as to the fourth cause of action for negligent provision of medical care.  We concluded that plaintiff had forfeited the issue:  "[Plaintiff's] fourth cause of action alleged that [defendants] had provided negligent medical

10

care after her injury. [Plaintiff] contends that the trial court erroneously denied her motion for a new trial as to this cause of action because the court's 'evidentiary rulings denied her due process of law.' . . . [¶] [Plaintiff] has forfeited the new trial issue because she failed to make a cognizable argument explaining why the trial court abused its discretion and why the allegedly erroneous evidentiary rulings prejudiced her. Although the trial court issued a detailed written ruling explaining its denial of the motion for new trial, [plaintiff] does not refer to the ruling. She makes no attempt to show that the court's stated reasons for denying the motion were flawed." (*Hoffmann I, supra*, 56 Cal.App.5th at pp. 1028-1029.)

Our Supreme Court observed, "The Court of Appeal's forfeiture finding went only to plaintiff's cause of action for negligent provision of medical care. [Citation.] The court did not address plaintiff's argument that the trial court erred by denying her new trial motion as to her other causes of action. [¶] . . . Plaintiff's argument that the trial court erred by denying her motion for a new trial on the negligence and premises liability claims [as stated in the first and second causes of action] remains outstanding. We remand the matter to the Court of Appeal for it to address those arguments in the first instance." (*Hoffmann II, supra*, 13 Cal.5th at p. 1277.)

"'A trial court has broad discretion in ruling on a motion for a new trial, and there is a strong presumption that it properly exercised that discretion. "'The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears.'" . . .'" (*Lee v. West Kern Water Dist.* (2016) 5 Cal.App.5th 606, 623.)

Plaintiff discusses the denial of her new trial motion in part II (pages 40-43) of her opening brief. The heading for part II is, "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED [PLAINTIFF'S] MOTION FOR NEW TRIAL ON THE EVIDENTIARY EXCLUSION AND SECTION 846 ISSUES." (Bold omitted.) The arguments in part II pertain almost exclusively to plaintiff's fourth cause of action for negligent provision of medical care. Insofar as her new trial motion concerned the first and second causes of action, the discussion in part II consists only of the following passage: "[Plaintiff] moved for a new trial. [Record citation.] [¶] In addition to asserting that the recreational use immunity was, 'as a matter of law,' inapplicable [record citation], she also argued that the court's evidentiary rulings denied her due process of law. [Record citation.] In addition to the already-discussed rulings with respect to witnesses able to attest to Gunner's authority to invite people onto the Young's property (pp. 26, 28, ante), the court ruled, 'If your (sic) talking about permission to use or not bringing other people there, I think that there is another motion that addresses that that I'm denying also.' [Record citation.]"

The above quoted excerpt from plaintiff's opening brief is insufficient to show that the trial court abused its discretion in denying the motion for new trial as to the first and second causes of action. Plaintiff cites volume III, page 752 of the Clerk's Transcript, but the citation is of no assistance to her. At page 752 plaintiff argued that, as a matter of law, Donald was not entitled to assert the recreational use immunity defense because "the Young property was not open to the general public. Indeed, defendants repeatedly testified that their track was for family members only." Plaintiff asserted, "If the property owners did

12

not open their property to the general public, the immunity authorized by Civi[l] Code § 846 would not attach." In support of her assertion, plaintiff cited only one authority – *Pacific Gas & Electric Co., supra*, 10 Cal.App.5th 563 – without explaining why the authority is relevant.

Gunner's parents did not forfeit section 846 immunity because they intended that only family members be allowed to use the track. "Section 846 . . . immunizes the 'owner of any estate or any other interest in real property, whether possessory or nonpossessory,' from liability arising from the recreational use of the property." (*Hubbard v. Brown* (1990) 50 Cal.3d 189, 193.) "The statute reasonably applies to lands that are fenced as readily as those that are open." (*Ornelas v. Randolph* (1993) 4 Cal.4th 1095, 1107 (*Ornelas*).) In *Ornelas* the Supreme Court disapproved a decision in which the appellate court had "reasoned that by its attempt to restrict access the owner had evidenced an intent to 'withdraw' the property from recreational use, thus acknowledging its unfitness for recreation and waiving any claim to the statutory immunity." (*Ibid*., disapproving *Wineinger v. Bear Brand Ranch* (1988) 204 Cal. App. 3d 1003.) The Supreme Court concluded, "The injustice of such a result is evident." (*Ibid.*)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Plaintiff has not demonstrated error as to the denial of her motion for a new trial on the first and second causes of action.

*Disposition*

The judgment is affirmed.  Defendants shall recover their costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.


We concur:


PERREN, J.*


BALTODANO, J.

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____

Andrade Law Offices and Steven R. Andrade, Taylor R. Dam, for Plaintiff and Appellant.

Horvitz & Levy and Dean A. Bochner, Joshua C. McDaniel, Christopher D. Hu; Henderson & Borgeson, Jay M. Borgeson, Royce J. Borgeson, for Defendants and Respondents.